UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA BELYEW,

             Plaintiff,

    v.

GARAFALO, et al.,

             Defendants.

No. 2:19-cv-0837 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's application to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the court will recommend that plaintiff be found ineligible to proceed in forma pauperis and be required to pay the full filing fee in order to proceed.

**I.    In Forma Pauperis Statute**

      The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). "The dismissals described in this provision are commonly referred to as 'strikes.'" Harris v. Mangum, 863 F.3d 1133, 1139 (9th Cir. 2017) (citing El-Shaddiai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)).

This "three strikes rule" was part of "'a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good.'" Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). To meet this exception, the complaint of a "three strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**II.     Has Plaintiff Accrued Three Strikes?**

Plaintiff is presently incarcerated at the Central California Women's Facility. (See ECF No. 1.) She has filed numerous cases in this court over the past three years. Here, she alleges sleep deprivation during her incarceration at the Colusa County Jail from June 25, 2018 to October 25, 2018. (Id.) In another case filed int his district, Belyew v. Garafalo, No. 2:19-cv-0803 JAM AC P, plaintiff also alleged sleep deprivation during her incarceration at the Colusa County Jail between June and October 2018. In that case, Magistrate Judge Claire determined that plaintiff's request to proceed in forma pauperis should be denied because plaintiff incurred three strikes prior to filing that action. See Case No. 2:19-cv-0803 AC P (ECF No. 8).

The undersigned has reviewed Judge Claire's findings and recommendations and agrees that the three cases cited therein should be considered strikes under the in forma pauperis statute. Those cases are:

1.   Belyew v. Butte Co. Jail Med. Staff, No. 2:17-cv-0506 JAM EFB (E.D. Cal.) – The complaint was dismissed with leave to amend for failure to state a claim. After plaintiff failed to file an amended complaint the court dismissed the action on June 26, 2018 for failure to comply with court orders. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir.

1    2017) (holding where "(1) a district court dismisses a complaint on the grounds that it fails

2    to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file

3    an amended complaint, the dismissal counts as a strike under § 1915(g)").

4        2. <u>Belyew v. Dupre-Tokos</u>, No. 2:18-cv-0052 WBS EFB (E.D. Cal.) – The case was

5           dismissed without leave to amend for failure to state a claim on August 31, 2018.

6        3. <u>Belyew v. Merrifield</u>, No. 2:18-cv-0648 MCE EFB (E.D. Cal.) – This case was dismissed

7           on September 14, 2018, for failure to state a claim. As discussed by Judge Claire in her

8           findings and recommendations, while this case was dismissed as barred by <u>Heck v.</u>

9           <u>Humphrey</u>, 512 U.S. 477 (1994), the dismissal counts as a strike because it was clear from

10          the face of the complaint that the relief sought was not cognizable in a habeas case. <u>See</u>

11          <u>Washington v. Los Angeles County Sheriff's Dept.</u>, 833 F.3d 1048, 1055-57 (9th Cir.

12          2016) (citations and quotations omitted) (holding <u>Heck</u> dismissals may constitute a strike

13          "when the pleadings present an obvious bar to securing relief").

14          Each of these cases was dismissed before plaintiff filed the present case on February 13,

15   2019.[1] Because plaintiff has accrued three strikes, the court finds that plaintiff should be

16   precluded from proceeding in forma pauperis unless she was "under imminent danger of serious

17   physical injury." 28 U.S.C. § 1915(g).

18   **III.    Does Plaintiff Qualify for the Imminent Danger Exception?**

19          The availability of the imminent danger exception turns on the conditions a prisoner faced

20   at the time the complaint was filed, not at some earlier or later time. <u>See</u> <u>Andrews v. Cervantes</u>,

21   493 F.3d at 1053. The purpose of the imminent danger exception is to allow prisoners to proceed

22   with cases in order to resolve the issues creating the imminent danger. Therefore, a plaintiff must

23   demonstrate a nexus between the allegations of imminent danger and a legal claim asserted in her

24   case. <u>See</u> <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 297 (2nd Cir. 2009).

25   /////

26   ─────────────────────

27   [1] While the complaint was entered on the docket on May 3, 2019, plaintiff's filing was afforded
     the benefit of the prison mailbox rule. Under the prison mailbox rule, a document is deemed
     served or filed on the date a prisoner signs the document and gives it to prison officials for

28   mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

1       The complaint alleges that officials at the Colusa County Jail intentionally subjected her to

2 sleep deprivation from June 25, 2018 to October 25, 2018.  However, plaintiff was incarcerated at

3 Central California Women's Facility when she filed this action and not at the Colusa County Jail

4 when she filed this action.  (See ECF No. 1 at 1.)  Therefore, she cannot show a nexus between

5 her claims and an imminent danger within the meaning of §1915(g).  Accordingly, plaintiff's

6 motion to proceed in forma pauperis should be denied because she incurred three strikes prior to

7 filing this action.

8 <center>**CONCLUSION**</center>

9       Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district

10 judge to this action.

11       Further, IT IS HEREBY RECOMMENDED that:

12     1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

13     2. The court find that plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to

14        filing this action; and

15     3. The court order plaintiff to pay the $400.00 filing fee if she wishes to proceed with

16        this action.

17       These findings and recommendations will be submitted to the United States District Judge

18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

19 after being served with these findings and recommendations, plaintiff may file written objections

20 with the court.  The document should be captioned "Objections to Magistrate's Findings and

21 Recommendations."  Plaintiff is advised that failure to file objections within the specified time

22 may wave the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

23 1991).

24 Dated:  July 29, 2019

25

26

27     DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

28 DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/bely0837.scrn

<center>4</center>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28